### In re ROBERTSON et al.

An attorney who fails to properly report collections and keep adequate books relating thereto and his other business, and who is guilty of gross carelessness in not knowing the facts when writing a letter concerning collections, will not be disbarred for misconduct.

(Opinion filed October 3, 1911.)

Proceedings for the disbarment of Henry Robertson and another, attorneys. Dismissed.

*A. E. Hitchcock,* representing the court *Frank R. Aikens* and *Robertson & Dougherty, for respondents.*

WHITING, J.   This is an original proceeding in this court by which was sought a judgment of this court disbarring respondents from the practice of law in the courts of this state. The cause was referred to a referee to report the evidence submitted, together with his findings and conclusions based thereon. The referee made and filed his report, and the same is now before us for final action.

The original accusations embraced nine separate and distinct charges. The court appointed an attorney to represent it, and, after an investigation, such attorney reported to the referee that there was not sufficient evidence to warrant the submission of two of said charges to the referee, and he recommended that the accusations be dismissed so far as such charges were concerned. No evidence was introduced in support of these two charges, and the referee recommends that they be dismissed. The charges remaining embraced accusations of embezzlement of funds collected for clients and of general unprofessional conduct. The record shows that the issues raised were thoroughly tried out before the referee, and that a most exhaustive report was made thereon by such referee, and that the cause has been most earnestly and ably presented to this court. The referee found that no one of the accusations was sustained by the evidence, and, while it is conceded by counsel for the accused that there is ample evidence, if it had remained unexplained or uncontradicted, to have supported a different finding upon one or more such charges, yet we believe that the evidence as a whole fully warranted the findings and conclusions reached by the referee; and this is especially true so far as the charges of embezzlement are concerned.

But, while the referee found with the arcused so far as the specfic charges contained in the written accusations were concerned, he did find that the accused had been careless in not promptly reporting collections made, and that their conduct with reference thereto, while not dishonest, was not commendable, and, further, that in one case, where one of the accused had unwittingly

misrepresented facts to their client, "he was guilty of gross care-
lessness in not knowing the truth of the facts when writing said
letters." We concur fully with the views of the referee. It
would appear from the evidence that the accused were negligent
in not keeping adequate books and records in relation to their col-
lections and other business, and that it was undoubtedly owing,
in part at least, to this fact that the accused rendered themselves
subject to the above criticisms; but no person, occupying positions
of great trust and responsibility such as are held by attorneys, can
be absolved from censure on such ground. It is their duty to
keep such books and records as will make the recurrence of such
errors as those appearing in this case, if not impossible, at least
very improbable.

We adopt in full the findings of the referee, and agree with
him that such findings do not justify the disbarment of either of
the accused. The accusations are therefore dismissed.